NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CARL LAWSON, et al., | ) )  |
| Plaintiffs, | ) ) ) Civil Action No. 08-6330 (GEB) |
| v. | ) ) **MEMORANDUM OPINION** |
| K2 SPORTS USA, et al., | ) ) |
| Defendants. | ) ) |

**BROWN, Chief Judge**

    This matter comes before the Court upon the motion of Plaintiffs Carl Lawson, et al., ("Plaintiffs") to remand pursuant to 28 U.S.C. §1447 against Defendants K2 Sports USA, et al., ("Defendants"). The Court has considered the relevant submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will grant Plaintiffs' motion to remand.

## I.   BACKGROUND

    On September 30, 2006, Plaintiff Carl Lawson was in a bicycling accident at Allaire State Park ("Park") in Farmingdale, New Jersey. (Pls.' Mot. to Remand at 1, Docket No. 15.) Carl Lawson was forty-six years old at the time of the accident and alleges that he was rendered almost completely paralyzed from the neck down as a result of the accident. (*Id.*; Compl. ¶ 1.)

    Plaintiffs commenced this action against Defendants in Superior Court of New Jersey. (*Id.*) Specifically, in their complaint, Plaintiffs alleged products liability claims against Defendants K2,

Inc. and K2 Corporation ("K2 Defendants") and Bell Sports, Inc. and Easton-Bell Sports, Inc. ("Bell Defendants"). (*Id.*) Plaintiffs also asserted claims of negligence against the New Jersey Department of Environmental Protection ("NJDEP") which owns the Park. (*Id.*) The K2 Defendants timely removed the matter to this Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). (*Id.*; Dfs.' Br. at 1, Docket No. 19.) Both Plaintiffs and the Bell Defendants were served the notice of removal, however the NJDEP was not served the notice. (Cert. of Service, attached to K2 Dfs.' Not. of Removal, Docket No. 1.) The K2 Defendants asserted that removal was proper because the NJDEP was immune from liability for negligence claims under the New Jersey Landowner's Liability Act ("LLA"), N.J.S.A. § 2A:42A-2, *et seq.*, and as such was "fraudulently joined" as a party. (Pls.' Mot. to Remand at 1; Dfs.' Br. at 1.) In light of this immunity, the K2 Defendants asserted that removal was proper because there was diversity of citizenship between the remaining parties and the alleged damages exceeded the jurisdictional limit. (*Id.*) The Bell Defendants consented to the removal of this action. (Pls.' Mot. to Remand at 1, n.1, Docket No. 15.)

Following removal, Plaintiffs filed this motion to remand, arguing that Defendants did not satisfy a showing of "fraudulent joinder" because they cannot establish that Plaintiff's claims against the NJDEP are "wholly insubstantial and frivolous" and because the LLA does not confer immunity upon the NJDEP against Plaintiffs' claims. (Pls.' Mot. to Remand at 1, Docket No. 15.) However, as the Court concludes below, the NJDEP, as a state agency, is immune from suit in federal court under the Eleventh Amendment. Accordingly, because Defendants are precluded from removing this matter to federal court, the Court will grant Plaintiff's motion and remand this matter to state court.

## II. DISCUSSION

### A. Standard for Remand

In the Third Circuit and the District of New Jersey, it is beyond dispute that:

> [a] federal court must have subject matter jurisdiction in order to hear a case. Subject matter jurisdiction in federal court falls within two categories of disputes: (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes between citizens of different states alleging an amount-in-controversy in excess of $75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes "arising under the Constitution, laws, or treaties of the United States."

*Scioscia v. Target Corp.*, No. 08-2593, 2008 U.S. Dist. LEXIS 53508, at *3 (D.N.J. July 14, 2008).

"Removal of a complaint from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter." *Hackensack Univ. Med. Ctr. v. Lagno*, No. 06-687, 2006 U.S. Dist. LEXIS 80497, at *5 (D.N.J. Nov. 3, 2006) (citing 28 U.S.C. §§ 1441(a)-1441(b)). The statute provides in relevant part:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Remand is governed by 28 U.S.C. § 1447(c), which provides that a:

> motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "When the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to strictly construe the removal

statutes against removal and resolve any doubts in favor of remand." *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *5 (internal quotations omitted) (quoting *Entrekin v. Fisher Scientific*, *Inc.*, 146 F. Supp. 2d 594, 604 (D.N.J. 2001)).

      **B.**      **The NJDEP Is Protected By Eleventh Amendment Immunity.**

The Court must first determine whether, in the absence of any argument made by any party on this point, to address whether the Eleventh Amendment precludes suit in federal court against the NJDEP. "[W]hen an Eleventh Amendment question is not raised by the parties, the Court may determine whether to raise and decide the question based on what is 'appropriate' in each particular case." *Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 812 (3d Cir. 1991) (citing *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982)). Here, the Court determines that it is appropriate to address the Eleventh Amendment's application to the matter, given the improper notice that was given to the NJDEP regarding this action.

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As a general proposition, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of whether the relief sought is monetary or injunctive. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment's "reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519

U.S. 425, 429 (1997) (citing *Poindexter v. Greenhow*, 114 U.S. 270, 287 (1885)). As a result, "[t]he Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent [the states'] consent." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

Consent is only found when a state "makes a 'clear declaration' that it intends to submit itself" to suit in federal court. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999). "A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts." *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305-06 (1990). In New Jersey, "the Tort Claims Act, [N.J.S.A. §§59:1-1 *et seq.*], re-established the doctrine of sovereign immunity for the State of New Jersey because it declared that immunity exists for the State for all actions unless specifically provided for under the Act." *Slinger v. New Jersey*, No. 07-5561, 2008 U.S. Dist. LEXIS 71723, at *13 (D.N.J. Sep. 4, 2008).

Here, Plaintiff brought suit against the NJDEP under the New Jersey Torts Claims Act, codified in Title 59 of the New Jersey Statutes alleging that it was negligent "in failing to maintain the Allaire State Park in a safe condition for bicyclers . . . and failing to warn of the dangers of utilizing ramps constructed on and about the numerous bicycling trails throughout the Park." (*See* Docket Entry No. 1-2 at ¶ 4.) Defendants removed this action to federal court. However, there is no provision in the New Jersey Tort Claims Act that waives sovereign immunity or consents to suit in federal court for a claim of either negligence, failure to maintain, or failure to warn. Therefore, the Court concludes that it is without removal jurisdiction and that Plaintiffs' Motion to Remand should be granted.

Removal is only appropriate where a federal court also had original jurisdiction, or, in other

words, where the matter could have been filed in federal court in the first instance.  Defendants are precluded from removing this matter to federal court because the NJDEP, as a state agency, is protected from suit in federal court pursuant to the Eleventh Amendment, and therefore, suit against the NJDEP could not have been filed here in the first instance.  Accordingly, because Defendants are precluded from removing this matter to federal court, the Court finds that remand of this matter to state court is proper under Eleventh Amendment jurisprudence.  Given this Court's finding that it lacks removal jurisdiction, the Court need not consider fraudulent joinder issues that have been raised by the parties in their briefs in respect to this motion.

### III. CONCLUSION

For the reasons stated above, the Court will remand this matter to the Superior Court of New Jersey, Monmouth County, and will grant Plaintiffs' instant motion.  An appropriate form of order accompanies this memorandum opinion.

Dated: April 9, 2009

                                                                        s/ Garrett E. Brown, Jr.
                                                            GARRETT E. BROWN, JR., U.S.D.J.